NOT FOR PUBLICATION                                                                      CLOSE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAYS INNS WORLDWIDE, INC, a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DEEPAK PANCHAL, an individual; and DEEPIKA PANCHAL, an individual,<br><br>    Defendants. | **OPINION**<br><br>Civ. No. 15-1459 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff Days Inns Worldwide, Inc. ("DIW") moves under Fed. R. Civ. P. 55 for default judgment against Defendants Deepak Panchal and Deepika Panchal (together, "Defendants"). DIW filed this action on February 26, 2015, alleging that Defendants breached a license agreement with DIW. Defendants have failed to plead or otherwise defend the lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

DIW is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. Defendants are citizens of California. *Id.* ¶ 2-3. DIW entered into a license agreement with Defendants on July 31, 2003 for the operation of a 58-room guest lodging facility in Los Banos, California (the "Facility"). *See* Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default ("Fenimore Aff.") Ex. A., ECF No. 7-3. The license agreement had a term of fifteen years. *See id.* Ex. A § 5. Under the agreement, Defendants were to make periodic payments to DIW for royalties, taxes, interest, and other fees (collectively, the

"Recurring Fees"). *See id.* Ex. A § 7, Schedule C. Interest was to be paid "on any past due amount payable to [DIW] under this [License] Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." *Id.* Ex. A § 7.3.

The license agreement provided that DIW could terminate the agreement if Defendants stopped operating the Facility as a "Days Inn" establishment. *Id.* Ex. A § 11.2. Under section 17.4 of the license agreement, in the event of a dispute, the non-prevailing party was to "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement." *Id.* Ex. A § 17.4. In the event of termination, Defendants agreed to pay liquidated damages of no less than $2,000 per guest room. *Id.* Ex. A § 12.1.

On March 16, 2010, DIW and Deepak Panchal also signed a "Connectivity Equipment Lease and Services Addendum" ("Connectivity Addendum").[1] In the Connectivity Addendum, Defendants agreed to pay additional liquidated damages of $2,500 if the original license agreement were terminated. *Id.* Ex. B.

Defendants ceased to operate the Facility as a "Days Inn" establishment on June 28, 2012, and they were advised by DIW in 2013 that they were required to pay damages for premature termination. *Id.* ¶¶ 14-15, Ex. C. DIW filed the complaint in this matter on February 26, 2015. The summons and complaint were served upon Defendants on March 28, 2015. Certification of Bryan P. Couch in Supp. of Mot. for Final J. by Default ("Couch Cert.") ¶¶ 4-5; ECF No. 7-2. The Clerk

---

[1] Although Deepika Panchal did not sign the Connectivity Addendum, the license agreement provided for the Defendants' joint status with respect to the agreement, Fenimore Aff. Ex. A § 16.2, and the Defendants both received the services described in the Connectivity Addendum after it was signed. *Id.* Ex. C.

of the Court entered default against Defendants on November 8, 2013 for their failure to plead or otherwise defend this action. *Id.* ¶ 7.

DIW seeks recurring fees in the amount of $47,245.24, inclusive of interest, against Defendants. *See* Fenimore Aff. Ex. D. DIW additionally seeks liquidated damages in the amount of $183,660.60, inclusive of interest. *See Id.* ¶¶ 21-22. Finally, DIW seeks attorneys' fees and costs in the amounts of $4,300.00 and $428.05, respectively. In total, DIW seeks $235,633.89. Fenimore Aff. ¶ 24.

## STANDARD FOR DEFAULT JUDGMENT

When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider three factors: (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). A court must also make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *See Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). A court does not accept as true allegations pertaining to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. Jurisdiction

Subject matter jurisdiction exists under 28 U.S.C. § 1332. Plaintiff is a Delaware Corporation with its principal place of business in New Jersey. Compl. ¶ 1. Defendants are citizens of California. *Id.* ¶¶ 2-3. The amount in controversy, exclusive of interests and costs, exceeds $75,000. Fenimore Aff. ¶ 24. Personal jurisdiction exists because Defendants consented to "non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey. . . ." Fenimore Aff. Ex. C § 17.6.3.

### II. Default Judgment is Appropriate

This action is based on the Defendants' breach of contract. New Jersey law governs the contract under the license agreement's choice of law provision. Fenimore Aff. Ex. C § 17.6.1. The elements of a breach of contract claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here, the parties entered into the license agreement for the operation of a lodging facility. Defendants breached that contract by ceasing to operate the Facility as a "Days Inn" establishment and by not paying the recurring fees they owed DIW as a result. Damages resulted because DIW performed services and did not receive compensation. DIW performed its own contractual obligations by performing the services promised. *See* Fenimore Aff. Ex. D (itemizing the services DIW performed, for which it charged Defendants the Recurring Fees). DIW has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Under the *Chamberlain* factors, default judgment is appropriate. DIW will suffer prejudice if default is denied because it has waited more than three years since the breach of the license agreement to be paid the fees and costs to which it is entitled. Defendants have not presented any facts or arguments to suggest they have a litigable defense for their breaches of contract and have failed to retain counsel in the nearly six-month period since the filing of the complaint. Having considered these three factors, the Court finds that default judgment is appropriate.

### III.    The Amount of Damages Is Satisfactorily Established

DIW seeks damages of $235,633.89. That amount includes Recurring Fees of $47,245.24, attorneys' fees of $4,300.00, costs of $428.05, and liquidated damages of $183,660.60. The damages asserted do not require further inquiry and will be awarded by the Court.

Reasonable liquidated damages are enforceable under New Jersey law. *MetLife Capital Fin. Corp. v. Washington Ave. Associates L.P.*, 158 N.J. 484, 495 (N.J. 1999). The amount of $183,660.60 was calculated according to section 12.1 of the license agreement (which provides for liquidated damages of $2,000 multiplied by the number of guest rooms in the Facility), along with an additional $2,500 in liquidated damages provided for by section 12(c) of the Connectivity Addendum. The amount includes interest calculated at 1.5% per month under section 7.3 of the license agreement. These damages were for an agreed upon amount and are reasonable under the circumstances. The Court has also reviewed DIW's submissions and finds that the amounts for Recurring Fees, attorneys' fees, and costs accurately and reasonably represent the amount Defendants owe DIW. *See* Fenimore Aff. ¶¶

16-24; *id.* Ex. D (Itemized Statement of Recurring Fees); Couch Cert., Ex. B (Attorney Billing Records).

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendants in the amount of $235,633.89.

DATE: 25 August 2015

William H. Walls
Senior United States District Court Judge